**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 16-7206

RAHSAN DRAKEFORD,

            Plaintiff - Appellant,

      v.

DR. MULLINS; NURSE SCOTT,

            Defendants - Appellees.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke.   Jackson L. Kiser, Senior District Judge.  (7:15-cv-00253-JLK-RSB)

Submitted:  February 22, 2017          Decided:  March 9, 2017

Before KEENAN, THACKER, and HARRIS, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Rahsan Drakeford, Appellant Pro Se.   Rosalie Fessier, TIMBERLAKE, SMITH, THOMAS & MOSES, PC, Staunton, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rahsan Drakeford commenced a 42 U.S.C. § 1983 (2012) action against Dr. Benny Mullins and Nurse S. Scott, claiming deliberate indifference to his medical needs following a wrist fracture suffered while Drakeford was incarcerated. Drakeford appeals from the district court's order granting summary judgment to Mullins and Scott and dismissing the complaint, and we affirm.

We review a district court's grant of summary judgment de novo, "viewing all facts and reasonable inferences therefrom in the light most favorable to the nonmoving party." Smith v. Gilchrist, 749 F.3d 302, 307 (4th Cir. 2014) (internal quotation marks omitted). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"A prison official's deliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)). An inmate alleging a deliberate indifference claim must establish that his medical condition was objectively serious—that is, "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay

2

person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008) (internal quotation marks omitted).* The inmate must also show that the official subjectively knew of and disregarded an excessive risk to the inmate's health or safety. Jackson, 775 F.3d at 178 (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)).

Drakeford alleged that Mullins, who treated him during the thirteen days between his injury and surgery, did not timely attend to his medical needs and was responsible for a delay in scheduling the operation necessary to repair the fracture. However, Mullins' affidavit, which was supported by Drakeford's medical records, demonstrated that Mullins diligently monitored Drakeford and prescribed him various pain medications while he was awaiting surgery. When Mullins perceived that an orthopedic consultation might delay the operation, he referred Drakeford to another doctor, who performed the surgery two days later.

Drakeford also claimed that Scott refused him pain medication. Scott explained in his affidavit that he twice delayed administering pain medication to Drakeford in order to

---

* Mullins and Scott do not dispute the district court's finding that Drakeford's injury constituted a serious medical need.

3

comply with the prescription. This claim is borne out by Drakeford's medical records.

Drakeford did not offer any documentary evidence to refute these accounts, nor was there any evidence that Mullins or Scott consciously disregarded any risk to Drakeford's well-being. To the extent that Drakeford complains that additional, stronger, or more frequent pain medication was required, this, without more, is insufficient to prevail on a deliberate indifference claim. See Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Because Drakeford failed to raise a genuine issue of material fact as to whether Mullins and Scott acted with a "sufficiently culpable state of mind," Farmer, 511 U.S. at 834 (internal quotation marks omitted), the district court properly granted summary judgment and dismissed the complaint.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4